# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MONTANEZ, JR.<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN HOSHINO,<br><br>　　　　Respondent. | Case No.: 1:13-cv-01240-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLIING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

  Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

  Petitioner filed the instant petition for writ of habeas corpus on August 9, 2013. Petitioner contends that he was entitled to resentencing pursuant to the Three Strikes Reform Act of 2012.

  Petitioner previously filed state courts petitions in the Fresno County Superior Court, California Court of Appeal, Fifth Appellate District, and California Supreme Court. All petitions were denied on the merits. In the last reasoned decision, the appellate court found that "[b]ecause petitioner's third strike commitment offense is first degree burglary, a serious felony under Penal Code section 1192.7, subdivision (c)(18), he is ineligible under Penal Code section 1170.126, subdivision (e)(1) for resentencing." (Ex. D to Petition.)

///

## I.

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

Petitioner filed a prior petition in this Court challenging the same 2005 conviction from the Fresno Superior County Superior Court. The prior petition in 1:07-cv-00264-LJO-SMS (HC) was denied on the merits and judgment was entered. On January 20, 2009, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. Because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b) that must be dismissed to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is directed to terminate this action; and

3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. at 484. In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed as successive under 28 U.S.C. § 2244(b). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: __August 21, 2013__

UNITED STATES MAGISTRATE JUDGE